Hani Farah, SBN 307622
Hani.farah@ecurehealth.com
15525 Pomerado Road, Suite E6
Poway, CA 92064
Tel: (909) 287-9325
Fax: (858) 451-2006

-AND-

COLE PEDROZA LLP
Kenneth R. Pedroza, SBN 184906
kpedroza@colepedroza.com
Dana L. Stenvick, SBN 254267
dstenvick@colepedroza.com
2670 Mission Street, Suite 200
San Marino, CA  91108
Tel.:  (626) 431-2787
Fax:  (626) 431-2788

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAMDY CONSULTING, INC., | Case No.  2:16-cv-02299 |
| Plaintiff, | |
| vs. | **STIPULATION REGARDING LEAVE TO FILE AMENDED COMPLAINT** |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY., a California Corporation, and DOES 1 through 20, inclusive, | |
| Defendants. | Complaint Filed:   02/17/16 |

WHEREAS:

1.　　Plaintiff Namdy Consulting, Inc. ("Namdy") filed its original complaint against defendant Cigna Health and Life Insurance Company ("CHLIC") on or about February 17, 2016 in Los Angeles Superior Court in the action entitled *Namdy Consulting, Inc. v. Cigna Health and Life Insurance Company*, Case No. 16K01925 (the "State Court Action");

2.　　Namdy thereafter filed a First Amended Complaint against CHLIC in the Los Angeles Superior Court on or about April 1, 2016, but did not serve the First Amended Complaint on CHLIC until April 6, 2016;

3.　　On April 4, 2016, CHLIC, having received no notice of the First Amended Complaint, filed an Answer in the State Court Action and, that same day, filed a Notice of Removal of the State Court Action to the Central District Court (Docket No. 1); and

4.　　CHLIC has recently discovered that two additional related entities should be included as defendants to this action, including Connecticut General Life Insurance Company and Cigna Healthcare of California, Inc. (together with CHLIC referred to as "Cigna").

WHEREFORE, the Parties hereby stipulate and agree that:

1.　　Namdy shall be permitted to file an amended complaint, attached hereto as Exhibit 1, in this Court which asserts the same allegations and claims as set forth in the First Amended Complaint but that includes all appropriate Cigna defendants; and

//
//
//
//
//
//
//

2

2.   Cigna shall be granted a 30-day extension to provide a response to the amended complaint under Local Rule 8-3.


IT IS SO STIPULATED.


DATED:  April 25, 2016


By_____/s/_____
Hani Farah
Attorneys for Plaintiff
NAMDY CONSULTING, INC.


DATED:  April 19, 2016          COLE PEDROZA LLP


By_____/s/_____
Dana L. Stenvick
Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE
COMPANY

**STIPULATION REGARDING AMENDED COMPLAINT**          **2:16-cv-02299**

# EXHIBIT 1

1   Hani Farah (SBN 307622)
2   15525 Pomerado Road, Suite E6
    Poway, CA 92064
3   Telephone: (858) 207-3044
    Cell: (909) 287-9325
4   Fax: (858) 451-2006
5   Hani.farah@ecurehealth.com
    *Attorney for Plaintiff:*
6   NAMDY CONSULTING, INC.

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

8

9

10  NAMDY CONSULTING, INC.,                )   Case No.: 16K01925

11                                          )   NAMDY CONSULTING, INC.'S
    Plaintiff,                              )   SECOND AMENDED COMPLAINT
12                                          )   FOR:
                                            )
13                                          )
14  v.                                      )   1.  RECOVERY OF PAYMENT
                                            )       FOR SERVICES RENDERED;
15                                          )   2.  RECOVERY ON OPEN BOOK
                                            )       ACCOUNT;
16  CIGNA HEALTH AND LIFE INSURANCE         )   3.  QUANTUM MERUIT;
    COMPANY, Connecticut General Life       )   4.  BREACH OF IMPLIED
17  Insurance Company, Cigna Healthcare of  )       CONTRACT;
18  California, Inc., and DOES 1 through 20, )   5.  DECLARATORY RELIEF
    inclusive                               )   6.  NEGLIGENCE PER SE; and
19                                          )   7.  INTERFERENCE WITH
                                            )       PROSPECTIVE ECONOMIC
20  Defendant.                              )       ADVANTAGE
21                                          )
22                                          )
                                            )   (JURY TRIAL REQUESTED)
23
24                                          )
25                                          )   Damages: LIMITED: Between $10,000
                                            )   and $25,000
26                                          )
27
28
                              SAC
                               1

Plaintiff NAMDY CONSULTING, INC. (hereafter referred to as "NAMDY") hereby complains and alleges:

## **GENERAL ALLEGATIONS**

1. NAMDY is and at all relevant times was a corporation, organized and existing under the laws of the State of California, and was a resident of the County of Los Angeles.

2. NAMDY is and at all relevant times was in the business of purchasing and collecting accounts receivable on behalf of various other companies, including without limitation professional business entities engaged in the business of providing patients with medical services, medications, devices, and any other services related to healthcare.

3. NAMDY was, at all relevant times, an assignee of J.S.E. Emergency Medical Group Inc. (hereinafter referred to as "Physicians"), who were fully licensed, certificated, and in good standing under the laws of the State of California. A copy of the assignment agreement is attached as Exhibit A.

4. Physicians provided medical care, services, treatment, and/or procedures and services to members, subscribers, or insureds of CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation; and DOES 1 through 20, inclusive (Hereinafter "DEFENDANT" or "DEFENDANTS") from 01/01/2012 onward. Physicians became entitled to reimbursement, payment and/or indemnification from DEFENDANT for those services and supplies rendered. Physicians have assigned their right to payment and to collect their fees from DEFENDANT to NAMDY. Details of these services are set forth in Exhibit B.

5. The facts and information alleged within are alleged on information and belief. Indeed, DEFENDANTS are better-positioned to know exactly which members received

SAC
2

treatment on the dates specified and the payments involved, and discovery in this case will very likely confirm NAMDY's allegations herein or lead to correction and/or amendment of said allegations.

6. DEFENDANT is a Connecticut corporation licensed to do business in and is and was doing business in the State of California, as an insurer. NAMDY is informed and believes that DEFENDANT is licensed by the Department of Insurance to transact the business of insurance in the State of California. DEFENDANT is, in fact, transacting the business of insurance in the State of California and is thereby subject to the laws and regulations of the State of California.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of DEFENDANTS, are unknown to NAMDY, who therefore sues said defendants by such fictitious names. NAMDY is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner or to some extent for the events and happenings referred to herein and legally caused injury and damages proximately thereby to NAMDY. NAMDY will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

8. At all times herein mentioned, unless otherwise indicated, defendants were the agents and/or employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent. At all times herein mentioned, DEFENDANTS had actual or ostensible authority to act on each other's behalf in certifying or authorizing the provision of medical services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether to pay and/or how to pay claims; issuing remittance advices and explanations of benefits statements; and, making payments to NAMDY and its patients.

**FACTS**

SAC

3

8.  This complaint arises out of the failure of DEFENDANT to make payments due and owing to Physicians for medical services, care, treatment, and procedures provided to numerous patients (hereafter referred to as "Patients"), all of whom were insureds, members, policyholders, certificate-holders, or were otherwise covered for health, hospitalization, pharmaceutical expenses, and major medical insurance through policies or certificates of insurance issued and underwritten by DEFENDANT.[1]

9.  None of the claims and/or causes of action in this Complaint are derivative of the contractual rights of the patients. In no way does NAMDY seek to enforce the contractual rights of the patients through the patients' insurance contracts, policies, certificates of coverage, and/or any other written insurance agreements between DEFENDANT and any patients. The claims and causes of action are based upon the relationship and interactions between NAMDY and DEFENDANT and upon the fact that the Patients were covered by DEFENDANT.

10. NAMDY is informed and believes that each of the Patients were insured by DEFENDANT either as a subscriber to coverage or a dependent of a subscriber to coverage under a policy or certificate of insurance issued and underwritten by DEFENDANT.  NAMDY is informed and believes that each of the Patients entered into a valid insurance agreement with DEFENDANT for the specific purpose of ensuring that the Patients would have access to medically necessary treatments, care, procedures and surgeries by medical practitioners like the Physicians and ensuring that DEFENDANT would pay for the health care expenses incurred by the Patient.

11. NAMDY is informed and believes, and on such information and belief alleges, that DEFENDANT, received, and continues to receive, valuable premium payments from the Patients and/or other consideration from the Patients under the subject policies applicable to the Patients.

---

[1] For privacy reasons and to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), the full names and identifying information pertaining to the patients has been withheld. This information will be disclosed to Defendants upon request.

12. At all relevant times, the Physicians provided medically necessary and appropriate services, care, treatment, and/or procedures to Patients holding valid insurance policies or certificates issued by DEFENDANT.

13. The Physicians have a reputation for providing high quality care, treatment, and procedures. Their charges for services are on par with the charges of other physicians in the same general area for the same procedures and/or services. The Physicians' billed charges are usual, customary, and reasonable.

14. The Physicians who provided medical services to the Patients were "out-of-network providers" who had no preferred provider contracts or other contracts with DEFENDANT at the time that the surgeries or procedures were performed.

15. It is standard practice in the healthcare industry that when a medical provider enters into a written preferred provider contract with a health plan such as DEFENDANT, that the medical provider agrees to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being a preferred or contracted provider. Those benefits include an increased volume of business, because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted provider, such as advertising that the provider is "in network", and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from a contracted provider. When health plans such as DEFENDANT receive claims from in-network providers, they adjust the total charges submitted by the in-network provider and pay an agreed upon contract rate to the in-network provider.

16. Conversely, when a medical provider, such as the Physicians, does not have a written contract with a health plan such that it is an out-of-network provider, the medical provider receives no referrals from the health plan, as the health plan discourages its members and subscribers from obtaining their care from the non-contracted providers. The non-contracted provider has no obligation to reduce its charges, and is entitled to

receive payment based on its billed or total charges for the services rendered (less any copayments, coinsurance amounts, or deductibles owed by the Patients). The health plan is not entitled to a discount from the medical provider's total billed charges for the services rendered, because it is not providing the medical provider with the benefits of increased patient volume that results from being an in-plan or in-network provider. In such cases, when a health plan such as DEFENDANT receives claims from the out-of-network provider for the total charges billed by the out-of-network provider and then adjusts those claims, paying only those billed charges which are in an amount equivalent to the usual and customary amount charged by similar providers rendering similar treatment in the same or similar geographical location (less copayments, coinsurance, and deductible amounts).

17. The Physicians were legally required to offer and render medical services, care, treatment, and/or procedures to the Patients, who were members, insureds, or subscribers of DEFENDANT, because the services were emergent. For each of the Patient claims at issue here, the Physicians did in fact provide such emergency medical services, care, treatment, and/or procedures to the Patients, as required by law.

18. Because the medical services, care, treatment, and/or procedures rendered by the Physicians to the Patients were emergent in nature, DEFENDANT was required by law to compensate the Physicians at usual, customary, and reasonable rates.

19. The claims at issue in this case are comprised of claims for medical services, care, treatment, and/or procedures provided to members, insureds, or subscribers of DEFENDANT by the Physicians, for which payments were made to the Physicians based upon a sum unilaterally determined by DEFENDANT to be usual, customary, and reasonable, which sums were not usual, reasonable or customary and were far less than the Physicians' billed charges.

20. Following provision of medical services, care, treatment, and/or procedures by the Physicians upon the Patients, invoices, bills and claims were submitted to DEFENDANT, for adjustment and payment.

21. Medical records pertaining to the Patients medical services, care, treatment, and/or procedures were provided to DEFENDANT, by the Physicians. All information requested by DEFENDANT relating to the medical services, care, treatment, and/or procedures provided by the Physicians to the Patients was supplied to DEFENDANT by the Physicians.

22. At all relevant times, the Physicians submitted their claims to DEFENDANT accompanied by lengthy operative reports, chart notes, and other medical records. No matter whether large or small, all of the Physicians' claims are submitted using CPT codes, Healthcare Common Procedure Coding System ("HCPCS"), and modifiers, as necessary.

23. At all relevant times, the Physicians expected to be reimbursed by DEFENDANTS at the lesser of its billed charges or the then-current usual, customary, and reasonable rate, which is defined by California law as follows:

A "usual" charge is the amount that is most consistently charged by an individual physician for a given service. A "customary" charge is the amount that falls within a specified range of usual charges for a given service billed by most physicians with similar training and experience within a given geographical area. A "reasonable" charge is a charge that meets the Usual and Customary criteria, or is otherwise reasonable in light of the complexity of treatment of the particular case. Under a UCR Program, the payment is the lowest of the actual billed charge, the physician's usual charge or the area customary charges for any given covered service.

24. Rather than simply pay the Physicians the lesser of their billed charges or usual, customary, and reasonable rates, DEFENDANT instead routinely and deliberately reimbursed the Physicians' claims at below usual, customary, and reasonable levels,

forcing Physicians to exhaust time and energy first identifying and then appealing improperly reimbursed claims.

25. DEFENDANTS have failed and refused to pay any monies, benefits, insurance proceeds, or make any payment to the Physicians in connection with the medically necessary services, care, treatment, and/or procedures rendered to the Patients by the Physicians, or have substantially underpaid benefits for such services at inappropriately low rates, using illegal and/or flawed databases and systems to calculate reimbursement for non-contracted providers and have failed and refused to pay the claims at usual, customary, and reasonable rates.

26. At all relevant times, DEFENDANT has improperly paid the Physicians for medically necessary and appropriate services rendered to DEFENDANT's insured at rates far below the billed rates, even though there was no contractual relationship or preferred provider relationship between the Physicians and DEFENDANT. For each of the Patient claims at issue in this action, the Physicians provided medical services to members and insureds of DEFENDANT.

27. The rates paid by DEFENDANT were not reasonable, customary, or usual, and were arbitrary, capricious and inexplicable. Further, DEFENDANT has never explained how they calculated, justified, rationalized or comprised their pricing and rate schedule for non-contracted, out-of-network providers, such as the Physicians.

28. Often, the rates paid to the Physicians by DEFENDANT for the exact same procedure, treatment, surgery, or service were paid at different rates during the same year. At other times, the Physicians were paid rates which were below what they would have received had they been a preferred or in-network provider, even though such volume-discounted rates would have been significantly lower than usual, reasonable and customary rates as defined by California law.

29. The California Department of Managed Health Care has adopted regulations that define the amount that health care service plans such as DEFENDANT are obligated to pay

non-contracted providers such as the Physicians. These regulations provide a methodology for determining the rate to be paid to out-of-network emergency room providers:

For contracted providers without a written contract and non-contracted providers . . . the payment of the **reasonable and customary value** for the health care services rendered based upon statistically credible information that is updated at least annually and takes into consideration : (i) the provider's training, qualifications and length of time in practice; (ii) the nature of the services provided; (iii) **the fees usually charged by the provider; (iv) prevailing provider rates charged in the general geographic area in which the services were rendered;** (v) other aspects of the economics of the medical provider's practice that are relevant; and (vi) and unusual circumstances in the case.

28 Cal. Code Regs. Section 1300.71(a)(3)(B). (Emphasis added.) These definitions are the same criteria used by California Courts to determine the *quantum meruit* amounts that should be paid for services rendered by non-contracted providers by insurers in California.

30. Based upon these criteria, the Physicians' charges are reasonable and customary. The Physicians charged DEFENDANT the same fees that they charge all other payers.

31. NAMDY is informed and believes that DEFENDANT relied upon and utilized a flawed database to make pricing determinations for the claims submitted by the Physicians on behalf of the Patients. DEFENDANT utilized that flawed database as a primary source of data upon which it based its pricing determinations, even though DEFENDANT knew that the data cannot and should not be used for that purpose. DEFENDANT was fully aware that its database was not properly designed to determine usual, customary, and reasonable reimbursement amounts.

32. NAMDY is informed and believes and thereon alleges that DEFENDANT's system for paying out-of-network claims is flawed, that DEFENDANT improperly manipulates the data in its systems to underpay out-of-network medical provider claims, and that

SAC

9

DEFENDANT's systems and methods for calculating such rates violate California law. DEFENDANT has used flawed databases and systems to unilaterally determine what amounts it pays to medical providers and has colluded with other insurers to artificially underpay, decrease, limit, and minimize the reimbursement rates paid for services rendered by non-contracted providers. The issue of flawed databases has been investigated by the U.S. Congress and New York Attorney General and has been the source of numerous lawsuits and class action suits filed in connection with the databases utilized (known as Ingenix).

33. NAMDY is informed and believes that there are a number of inherent flaws in DEFENDANT's database which make that database invalid and inappropriate for setting usual, customary and reasonable rates. Among other flaws, DEFENDANT's database:

a. Does not determine the numbers or types of providers in any geographic area;

b. Does not determine the actual types of procedures performed within a geographic area;

c. Collects charge data which is not representative of the actual number of procedures performed within a geographic area;

d. Does not collect sufficient data to enable its users to determine whether the data reflects the charges of providers with any particular degree of expertise or specialization;

e. Does not collect sufficient provider-specific data to enable its users to determine whether the charges are from one provider, from several providers, or from only a minority subset of the providers in a geographic area;

f. Fails to compare providers of the same or similar training and experience level and, instead, combines and averages all provider charges by

procedure code without separating the charges of physicians and non-physicians;

g.  Does not collect patient specific information such as age or medical history or condition;

h.  Does not ascertain the most common charge for the same service or comparable service or supply;

i.  Does not determine the place of service or type of facility;

j.  Does not collect sufficient data to enable it or its users to determine an appropriate medical market for comparing like charges;

k.  Combines zip codes inappropriately, and uses zip codes instead of appropriate medical markets;

l.  Fails to compare procedures that use the same or similar resources (and other costs) to the provider but, rather, indiscriminately combines all provider charges by procedure code without regard to such factors;

m.  Fails to compare procedures of the same or similar complexity by, among other things, failing to record or account for CPT code modifiers;

n.  Does not use appropriate statistical methodology;

o.  Does not properly consider charging protocols and billing practices generally accepted by the medical community or specialty groups;

p.  Does not properly consider medical costs in setting geographic areas;

q.  Lacks quality control, such as basic auditing, to ensure the validity, completeness, representativeness, and authenticity of the data submitted;

r.  Is subject to pre-editing by data contributors;

s.  Reports charges that are systematically skewed downward;

t.  Uses relative values and conversion factors to derive inappropriate usual, customary and reasonable amounts;

u.  Uses a methodology that does not comply with DEFENDANT's contractual definition of usual, customary and reasonable; and

v.  Purports to be confidential and/or proprietary, which prevents access to, and scrutiny of, the data by members of their employers.

34. These and other flaws render DEFENDANT's use of its data system invalid and unlawful for determining usual, customary, and reasonable rates. By systematically and typically making usual, customary, and reasonable rate determinations without compliant and valid data to substantiate its determinations, DEFENDANTS have breached their obligations to reimburse Physicians for out-of-network services. Accordingly, all past usual, customary, and reasonable rate determinations based on DEFENDANT's data system should be overturned.

35. DEFENDANT used other improper pricing methods to reduce reimbursement to out-of-network providers. Accordingly, DEFENDANTS violated, and continues to violate, its legal obligations to Physicians to pay usual, customary, and reasonable rates of reimbursement for services rendered to the Patients, insureds, subscribers, and members.

36. DEFENDANT has received claims from the Physicians for a number of years. As such, DEFENDANT knew or should have known the rates that the Physicians charged for various services. Moreover, DEFENDANT knew or should have known the amounts charged by other medical providers for medical services, care, and treatment, since it had received, reviewed and processed, numerous claims for prior to processing the claims at issue in this litigation. It is standard practice in the healthcare industry for medical providers (whether in-network or not) to submit claims and bills showing the total charges to health plans such as DEFENDANT and for health plans such as DEFENDANT to price those claims, based either upon the total charges or the contractual rates offered to network providers.

37. The Physicians have also been disparaged by the pervasive under-reimbursement scheme. When a patient refers to his/her evidence of coverage documents promulgated

SAC

12

by DEFENDANTS, he/she is led to believe that when he/she seeks out-of-network care their charges will be paid by DEFENDANTS at the "usual and customary rate" of similar physicians for a similar service in a similar area. When a patient obtains out-of-network treatment from providers such as the Physicians and the provider submits the bill to the insurer, a patient learns for the first time that he/she will not be fully reimbursed because the doctor's charges are alleged by DEFENDANT to exceed the usual and customary rate. The physician-patient relationship is undermined, as the physicians have been branded as a charlatan whose bills are inflated and unreasonable.

38. At all relevant times, DEFENDANT harmed the physicians by making improper usual, customary, and reasonable rate and pricing determinations that reduced the lawful reimbursement amounts for out-of-network providers without valid or compliant data to support such determinations. DEFENDANT further harmed the Physicians by misapplying in-network policies to out-of-network provider claims, and by delaying payments to out-of-network providers under the pretext of negotiation. As a result of these actions, the Physicians were financially harmed and forced to exhaust significant time and resources appealing DEFENDANT's unlawful determination through a process deliberately designed to deny, delay, and impede out-of-network physician providers from obtaining their rightful reimbursement.

39. Upon information and belief, DEFENDANT used and continues to use flawed database data, among other sources, to understate the true market rates of medical care performed by out-of-network providers. The improper use of this data has caused both patients and out-of-network providers to experience significant losses. Patients are harmed because payers like DEFENDANTS are not reimbursing out-of-network services at appropriate levels, which results in out-of-network providers increasingly billing their patients for amounts charged, which exceed the amounts DEFENDANTS cover. Out-of-network providers like Physicians are harmed because they are not always able to collect these balances from patients and are forced to take a loss for their services. Moreover, because

out-of-network providers are often unaware of the scheme that results in payers like DEFENDANTS failing to pay appropriate usual, customary, and reasonable rates, they are either powerless to appeal any such improper determinations or their efforts to appeal these determinations are futile. DEFENDANT, by contrast, benefits from paying out-of-network providers at below market rates. If, for example, out-of-network providers fail to realize that the scheme is the cause of their underpayment, DEFENDANTS have unlawfully retained money which otherwise belongs to the Physicians for the services provided. DEFENDANT's ambiguity regarding its method for calculating usual, customary and reasonable rates reflects its participation in this deceptive practice.

## FIRST CAUSE OF ACTION:

## FOR RECOVERY OF PAYMENT FOR SERVICES RENDERED

## (AS AGAINST ALL DEFENDANTS)

40. Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

41. At all times herein mentioned, DEFENDANTS were required by law to pay usual, reasonable, and customary rates for the emergency care provided by the Physicians to the Patients, who were members or subscribers of DEFENDANT. California Health and Safety Code § 1371.4; Bell v. Blue Cross, 131 Cal.App.4th 211.

42. At all relevant times, the Physicians rendered care, treatment, and services to the Patients in good faith and in reliance upon the legal requirement that insurers pay for the emergency medical care of those they insure. DEFENDANTS had a duty to pay, reimburse, indemnify, and cover the Physicians for the care, treatment and services rendered by the Physicians to the Patients pursuant to California Health & Safety Code §§ 1371, 1371.35, and 1371.4 following the rendition of services and treatment by the Physicians to the Patients. Further, DEFENDANTS had a duty to pay usual, customary,

and reasonable rates for the services rendered by the Physicians in compliance with 28 California Code of Regulations § 1300.71 et seq. For the Patients, DEFENDANTS have failed and refused to comply with 28 California Code of Regulations § 1300.71 et seq.

43. At all relevant times, the Physicians rendered care and treatment to the Patient. Each defendant herein named had a duty to pay, reimburse and cover the cost of such treatment and services by payment to the Physicians for the medical services, care, treatment, and/or procedures rendered by the Physicians to the Patients, pursuant to California Health & Safety Code §§ 1371, 1371.35, and 1371.4, and was prohibited from denying or refusing coverage, payment, indemnity, or reimbursement for the cost for treatment and services rendered by the Physicians to the Patients. Further, DEFENDANTS had a duty to pay usual, customary, and reasonable rates for the services rendered by NAMDY's assignor in compliance with 28 California Code of Regulations § 1300.71 et seq. and have failed and refused to pay usual, customary, and reasonable amounts.

44. At all relevant times, 28 California Administrative Code § 1300.71 et seq. required that DEFENDANTS, reimburse the Physicians for the claims submitted on behalf of the Patient within 45 days after DEFENDANTS received the Patient's claims from the Physicians. 28 Cal. Admin. Code Tit. 28 Section 1300.71(a)(3) defines the manner and method by which reasonable and customary rates are to be defined by DEFENDANTS, providing:

(B) For contracted providers without a written contract and non-contracted providers, except those providing services described in paragraph (C) below: the payment of the reasonable and customary value for the health care services rendered based upon statistically credible information that is updated at least annually and takes into consideration: (i) the provider's training, qualifications, and length of time in practice; (ii) the nature of the services provided; (iii) the fees usually charged by the provider; (iv) prevailing provider rates charged in the general

geographic area in which the services were rendered; (v) any unusual circumstances in the case; and

(C) For non-emergency services provided by non-contracted providers to PPO and POS enrollees: the amount set forth in the enrollee's Evidence of Coverage.

47. As a proximate result of the violation of California Health & Safety Code §§ 1371, 1371.35, and 1371.4 and/or 28 California Code of Regulations. § 13700.1 by DEFENDANTS, which acts were intentional, willful and knowing, the Physicians have never been paid for any of the medical services, care, treatment, and/or procedures provided to the Patient or have been underpaid for such medical services, care, treatment, and/or procedures. By their acts and omissions, DEFENDANTS have failed and refused to provide coverage and/or have underpaid the Physicians. DEFENDANTS have failed and refused to pay the usual, customary and reasonable value for the services rendered by the Physicians to the Patients.

48. The Physicians are owed reimbursement, compensation, and payment of the cost of the medical services, care, treatment, and/or procedures which they rendered and provided to the Patient at the Physicians' billed rates or at rates equivalent to the usual, customary, and reasonable value for their services, in conformance with the legal requirements that they provide emergency care to any patient and that the insurance of any patient who receives emergency care pay the provider of the care at usual, customary, and reasonable rates.

49. As required by law (because the medical services provided were emergency services), the Physicians provided surgeries, procedures, medical treatments, and/or other medical services to the patients, thereby benefitting DEFENDANTS and the Patients. At all times herein mentioned, DEFENDANTS were required by law to pay usual, reasonable, and customary rates for the emergency care provided by the Physicians to the Patients, who

SAC
16

were members or subscribers of DEFENDANT. California Health and Safety Code § 1371.4; <u>Bell v. Blue Cross</u>, 131 Cal.App.4th 211.

50. The Physicians have demanded that DEFENDANT pay for the medical services provided to the Patient, and has submitted statements to DEFENDANT for the medical services rendered to the Patient.

51. DEFENDANTS have failed and refused to pay, and continue to refuse to pay the Physicians for such services rendered at appropriate rates and have underpaid the Physicians by failing and refusing to pay usual, customary, and reasonable rates. Accordingly, there is now due and owing an unpaid sum, plus statutory interest thereon.

## SECOND CAUSE OF ACTION:

## FOR RECOVERY OF PAYMENT ON OPEN BOOK ACCOUNT

## (AS AGAINST ALL DEFENDANTS)

52. Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

53. DEFENDANTS have become indebted to the Physicians on open book accounts for the Patients, for money due in the sum to be determined at the time of trial for medical services rendered by the Physicians to the Patients.

54. The Physicians have provided medical services to the Patients, and have maintained contemporaneous, itemized, and detailed records and statements of each medical service provided to the Patients. The Physicians have provided DEFENDANT with statements itemizing the medical treatment provided to the Patients, along with an accounting of the amounts owed by DEFENDANT.

55. DEFENDANTS have refused to pay, and continue to refuse to pay, the Physicians the billed charges submitted by the Physicians and/or the usual and customary charges owed to the Physicians for the medical services, care, treatment, and/or procedures provided to the Patients. Accordingly, there is now due and owing an unpaid sum in an amount to be determined at the time of trial, plus statutory interest.

## THIRD CAUSE OF ACTION:

## FOR QUANTUM MERUIT

## (AGAINST ALL DEFENDANTS)

59. Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

60. As required by law (because the medical services provided were emergency services), the Physicians provided surgeries, procedures, medical treatments, and other medical services to the Patients, thereby benefitting DEFENDANT and the Patients.

61. DEFENDANTS have failed and refused to pay the Physicians the appropriate amounts incurred by the Physicians in rendering medical services, care, treatment, and/or procedures to the Patients, have underpaid those costs and have failed and refused to pay the usual, reasonable and customary costs of those services.

62. At all times herein mentioned, DEFENDANTS were required by law to pay usual, reasonable, and customary rates for the emergency care provided by the Physicians to the Patients, who were members or subscribers of DEFENDANT. California Health and Safety Code § 1371.4; Bell v. Blue Cross, 131 Cal.App.4th 211.

63. DEFENDANT is required to reimburse the Physicians at a *quantum meruit* rate for all services rendered to the enrollees, the Patients. The *quantum meruit* amount owed by DEFENDANT to the Physicians is determined according to the customary charges that would be billed by the Physicians and/or other physicians in the absence of preferred

provider or participating provider contractual rates. Based upon the fact that the Physicians were required to provide care and that DEFENDANT was benefitted by the provision of such services by the Physicians, an obligation on the part of DEFENDANT to make restitution to the Physicians arose.

64. The *quantum meruit* rate for the medical treatment the Physicians provided to the Patients is an amount to be determined at trial. This amount represents the usual, customary, and reasonable cost or charge for the services rendered by the Physicians. The Physicians have submitted statements to DEFENDANT for these amounts, and have made repeated demands that they be paid for the medical treatment provided to the Patient at usual, customary, and reasonable rates.

65. DEFENDANTS have refused to pay, and continue to refuse to pay, the Physicians for the whole or any part of the sums owed to the Physicians for the medical services, care, treatment, and/or procedures provided to the Patient, at usual, customary, and reasonable rates. Accordingly, there is now due and owing an unpaid sum, plus statutory interest.

### FOURTH CAUSE OF ACTION:

### FOR BREACH OF IMPLIED CONTRACT

### (AS AGAINST ALL DEFENDANTS)

66. Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

67. NAMDY is informed, believes, and thereon alleges that, at all relevant times herein, the Patients had valid policies with DEFENDANT or were members, subscribers, insureds, or were otherwise entitled to coverage, indemnification, and payment as policyholders or certificate-holders of insurance policies and certificates issued and underwritten by DEFENDANT.

68. NAMDY is informed and believes that the Patients obtained such policies from DEFENDANT for the specific purposes of (1) ensuring that the patients would have access to medically necessary treatments at healthcare facilities, and (2) ensuring that DEFENDANT would pay for the healthcare expenses incurred by the patients. DEFENDANT knew or reasonably should have known that its insured would seek medical treatment from the Physicians.

69. NAMDY is informed and believes that DEFENDANT received and continues to receive valuable premium payments from the Patients under the relevant insurance policies.

70. Since Physicians were required by law to treat the Patients in emergency situations, they agreed by implication to treat the Patients. DEFENDANT, by law, was required to pay Physicians at the usual, customary, and reasonable rate for emergency services and therefore agreed by implication to pay UCR rates to Physicians. California Health and Safety Code § 1371.4; Bell v. Blue Cross, 131 Cal.App.4th 211.

71. In consideration for the Physicians' implied agreement to treat the Patients, DEFENDANT, implicitly agreed to reimburse the Physicians for the expenses incurred by the Patients in the course of being treated and undergoing medical services, care, treatment, and/or procedures rendered by the Physicians and agreed to pay the Physicians a usual, customary, and reasonable rate for those services.

72. The Physicians provided medical treatment or care to the Patient. DEFENDANT has refused to pay, and continues to refuse to pay, the Physicians for the whole or a part of the sums owed to the Physicians at appropriate rates for the treatment services provided to the Patients.

73. As a result of the foregoing breach, DEFENDANT has damaged the Physicians in an amount to be determined at trial. Accordingly, there is now due and owing an unpaid sum, plus statutory interest thereon. The total amount owed is presently understood to be more than $25,000.00.

## FIFTH CAUSE OF ACTION:

## FOR DECLARATORY RELIEF

## (AS AGAINST ALL DEFENDANTS)

73. Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

74. A dispute has arisen between the Physicians and DEFENDANT as to the amount that DEFENDANT is required to pay the Physicians for the medically necessary services provided by the Physicians to the Patients. DEFENDANT contends that it owes the Physicians nothing in connection with the medical services, care, treatment, and/or procedures provided to the Patients. The Physicians contend that they are entitled to receive payment in an amount to be determined at trial, plus statutory interest, for the medical services provided to the Patients during the course of their treatment.

75. NAMDY seeks and desires a judicial determination by the Court that DEFENDANT is required to pay the Physicians for the medical services, care, treatment, and/or procedures provided to the Patients during the course of their treatment by the Physicians at the billed or total rates charged by the Physicians.

76. Such a declaration is necessary and appropriate at this time so that the Physicians and DEFENDANT may ascertain their rights, duties, and obligations concerning the medical services the Physicians provided to the Patients.

## SIXTH CAUSE OF ACTION:

## FOR NEGLIGENCE PER SE

## (AS AGAINST ALL DEFENDANTS)

SAC

21

77. Plaintiff incorporates by reference all previous paragraphs as though fully set forth herein.

78. At all times herein mentioned, defendants were required by law to pay usual, reasonable, and customary rates for the emergency care provided by the Physicians to the Patients, who were members or subscribers of DEFENDANT. California Health and Safety Code § 1371.4; Bell v. Blue Cross, 131 Cal.App.4th 211.

79. DEFENDANTS had a duty to pay, reimburse, indemnify, and cover the Physicians for the medical services, care, treatment, and/or procedures rendered by the Physicians to the Patients pursuant to California Health & Safety Code §§ 1371.1, 1371.8, and/or California Insurance Code § 796.04 following the rendition of services and treatment by the Physicians to the Patients. Further, DEFENDANTS had a duty to pay usual, customary, and reasonable rates for the services rendered by the Physicians in compliance with 28 California Code of Regulations § 1300.71 et seq. For the Patients, DEFENDANTS have failed and refused to comply with 28 California Code of Regulations § 1300.71 et seq.

80. DEFENDANTS had a duty to pay, reimburse, compensate, cover and indemnify the Physicians at their billed rates or at usual, customary, and reasonable rates for the services, treatment, care and pharmaceuticals rendered by the Physicians to the Patients in compliance with the legal requirement that insurers cover emergency medical care provided to those they insure. Such duties arose by virtue of California Health & Safety Code §§ 1371.8, 1371.1, and 1371.4, by virtue of California Insurance Code § 796.04 and by virtue of 28 California Code of Regulations § 1300.71 et seq.

81. Each of the statutes herein mentioned was intended to prevent, prohibit, and preclude the type of damage suffered and sustained by the Physicians. Each of the statutes herein mentioned was intended to prevent, prohibit, and preclude DEFENDANTS from failing and refusing to pay, compensate, reimburse, cover, and indemnify the Physicians for the medical services, care, treatment, and/or procedures they provided to the Patients and

SAC
22

from being underpaid by DEFENDANT for such medical services, care, treatment, and/or procedures. Each of the statutes herein mentioned was intended to prevent, prohibit, and preclude DEFENDANTS from refusing to pay, compensate, reimburse, cover, and indemnify the Physicians for the medical services, care, treatment, and/or procedures they provided to the Patients and/or from underpaying such claims.

82. The Physicians are members of the class of persons and/or entities to be protected by these statutes, since they were "providers" of medical care which rendered health care services in good faith to DEFENDANTS' members, subscribers, and insured the Patients. DEFENDANTS were regulated by California law and are subject to California Health & Safety Code §§ 1371.1, 1371.4 and 1371.8, California Insurance Code § 796.04 and 28 California Code of Regulations § 1300.71 et seq.

83. As a proximate result of the violation of California Health & Safety Code §§ 1371.1, 1371.4, and 1371.8, California Insurance Code § 796.04 and 28 California Code of Regulations § 1300.71, et seq., by DEFENDANT and of the breaches of DEFENDANT's duties to the Physicians, which acts were intentional, willful, and knowing, the Physicians have never been paid, compensated, reimbursed, indemnified, or covered for the costs of the treatment, care and services it rendered to the Patient and/or has been underpaid for such services. The refusal of DEFENDANT to reimburse the Physicians for the services provided to Patients insured by DEFENDANT is negligence *per se.*

84. The Physicians are owed reimbursement, compensation, and payment of the cost of the medical services, care, treatment, and/or procedures which they rendered and provided to the Patients at the Physicians' billed rates, in conformance with the legal requirements that they provide emergency care to any patient and that the insurance of any patient who receives emergency care pay the provider of the care at usual, customary, and reasonable rates.

///

## SEVENTH CAUSE OF ACTION:

## FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

## (AS AGAINST ALL DEFENDANTS)

85. Plaintiff incorporates by reference all previous paragraphs as though fully set forth herein.

86. For each service provided by the Physicians to each Patient, the Patient was required to pay some portion of that bill as part of their deductible, as their coinsurance amount, and/or as their co-pay.

87. The explanation of benefit forms provided by DEFENDANT to both the Patients and the Physicians lists an "allowed amount" for each medical service to each Patient. It is the monetary amount that DEFENDANT unilaterally determined the services would be reimbursed at.

88. The allowed amount was significantly lower than the billed amount for each service for each Patient.

89. The Patients, rather than paying their portions (deductible, coinsurance, and/or co-pay) of the billed amounts, only paid their portions of the allowable amount.

90. As a result, the Physicians received less money from the Patients than they would have if the patients had not been, in effect, told by DEFENDANT to pay at amounts lower than the billed amount.

91. DEFENDANT acted wrongfully by unilaterally determining the rates to be paid for each service, by determining rates that were below usual, customary, and reasonable rates, and by convincing the Patients to pay at the lower "allowed" amounts via their explanation of benefits forms.

DEFENDANT was aware of the economic relationship between the Physicians and the Patients because DEFENDANT knew that the Physicians treated the patients and knew that the Patients would have to pay some portion of the bills for the medical services provided by the Physicians.

### PRAYER FOR RELIEF

**WHEREFORE**, NAMDY CONSULTING, INC. prays for judgment against defendants as follows:

1. For compensatory damages in an amount to be determined, plus statutory interest;
2. For restitution in an amount to be determined, plus statutory interest;
3. For a declaration that DEFENDANT and DOES 1-20 inclusive, are obligated to pay plaintiff all monies owed for medical services rendered to the Patient; and
4. For such other further relief the Court deems just and appropriate.

Dated: 4/25/16

By:

Hani Farah

Attorney for Plaintiff

NAMDY CONSULTING, INC.

## DEMAND FOR JURY TRIAL

Plaintiff, NAMDY CONSULTING, INC., hereby demands a jury trial as provided by law.

Dated: 4/25/16

By: _____

Hani Farah

Attorney for Plaintiff

NAMDY CONSULTING, INC.

# Exhibit A

Exhibit F

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Assignment Agreement") is made as of __August 18__, 201 __5__, by and between JSE Emergency (the "Assignor") and NAMDY Management Co., Inc. (the "Assignee").
Medical Group INC

### RECITAL

Assignor and Assignee entered into a Purchase and Assignment Agreement, dated as of __08/18/2015__ ("Agreement"). Terms not defined herein shall have the meaning ascribed to them in the Agreement.

### AGREEMENTS

In consideration of the promises and for the mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee agree as follows:

1.      The Assignor hereby assigns and transfers to the Assignee all of the Assignor's rights, remedies, title, and interests, without limitation, in fulfilling the obligations imposed on the Assignee by the Agreement. Such assignment and transfer includes, but is not limited to, all of Assignor's rights, remedies, titles, and interest in and to any and all Outstanding Bills that the Assignor provides to the Assignee during the term of the Agreement.

2.      The Assignee hereby accepts the foregoing assignment.

3.      The Assignor agrees to, consents to, and authorizes the disclosure and release to Assignee by any insurance company or other entity ("Debtor Company") of any and all information of any kind that may be necessary in pursuit of collecting the Outstanding Bills discussed in the Agreement, including without limitation confidential materials, health information, and personal information. Assignee is bound by separate obligation to keep such information confidential in compliance with all applicable laws.

4.      The Assignor agrees that Assignee may, without limitation, investigate, appeal, seek reconsideration of any denied claims, prosecute and file lawsuits or take any other necessary and appropriate action in pursuit of the Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]



IN WITNESS WHEREOF, the parties hereto have executed this Assignment and Assumption Agreement as of the date written above.

NAMDY MANAGEMENT CO., INC.
("Assignee")

By: _____

Name: _____Jonathan Niem_____

Title: _____President_____

JSE Emergency Medical Group, INC
("Assignor")

By: _____

Name: **Joseph Englanoff**

Title: **President**

# Exhibit B

| Policy# | Claim | Line | Date of Billing | CPT | Charge | Allowed | Paid | Adjusted | Payor |
|---|---|---|---|---|---|---|---|---|---|
| 25508877101 | 4239181 | 1 | 1/3/2013 | 99283 | 218.00 | 218.00 | 174.40 | - | Cigna Health |
| U3679175102 | 4548614 | 1 | 8/26/2014 | 99284 | 591.00 | 531.90 | 531.90 | 59.10 | Cigna Health |
| 101970292 | 4579695 | 1 | 11/3/2014 | 99283 | 324.00 | 291.60 | 291.60 | 32.40 | Cigna Health |
| 101970292 | 4579695 | 2 | 11/3/2014 | 69200 | 324.00 | 291.60 | 291.60 | 32.40 | Cigna Health |
| U5410982101 | 4760548 | 1 | 10/31/2015 | 99283 | 331.00 | 297.90 | 297.90 | 33.10 | Cigna Health |
| N32252561 | 4424517 | 1 | 12/18/2013 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U3571715501 | 4642931 | 1 | 3/10/2015 | 99284 | 617.00 | 555.30 | 444.24 | 61.70 | Cigna Health |
| U4615692501 | 4649287 | 2 | 3/18/2015 | 12002 | 470.00 | 423.00 | 25.09 | - | Cigna Health |
| U4615692501 | 4649287 | 1 | 3/18/2015 | 99283 | 331.00 | 297.90 | 34.49 | - | Cigna Health |
| U4615692501 | 4649287 | 1 | 3/18/2015 | 99283 | 331.00 | 297.90 | 34.49 | 33.10 | Cigna Health |
| U4615692501 | 4649287 | 2 | 3/18/2015 | 12002 | 470.00 | 423.00 | 380.70 | 47.00 | Cigna Health |
| U0546078704 | 4650482 | 1 | 7/28/2015 | 99291 | 1,204.00 | 1,083.60 | 1,083.60 | 120.40 | Cigna Health |
| U1145911605 | 4682196 | 1 | 5/23/2015 | 99283 | 331.00 | 297.90 | 297.90 | 33.10 | Cigna Health |
| U3405728606 | 4524975 | 1 | 9/30/2014 | 99283 | 310.00 | 279.00 | 223.20 | 31.00 | Cigna Health |
| U40780753 | 4165747 | 1 | 7/26/2012 | 99285 | 607.00 | 520.65 | 520.65 | 86.35 | Cigna Health |
| U2112792401 | 4439397 | 1 | 1/27/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U0978232501 | 4452069 | 1 | 2/14/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4554246804 | 4268599 | 1 | 2/23/2014 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U2570552903 | 4092231 | 1 | 2/8/2012 | 99284 | 425.00 | 364.41 | 291.53 | 60.59 | Cigna Health |
| U3445835203 | 4115063 | 1 | 3/12/2012 | 99283 | 226.00 | 203.40 | 203.40 | 22.60 | Cigna Health |
| U2272972 | 4124761 | 1 | 4/24/2012 | 99285 | 623.00 | 554.47 | 306.98 | 68.53 | Cigna Health |
| U3663655301 | 4687377 | 1 | 5/29/2015 | 99285 | 929.00 | 836.10 | 628.63 | 92.90 | Cigna Health |
| 1013731700 | 4467130 | 1 | 5/3/2014 | 99285 | 606.00 | 545.40 | 545.40 | 60.60 | Cigna Health |
| U47088706 | 4429554 | 1 | 6/10/2014 | 99291 | 796.00 | 716.40 | 449.17 | 79.60 | Cigna Health |
| U4632050501 | 4507597 | 1 | 6/10/2014 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U4630391002 | 4237336 | 1 | 1/3/2013 | 99285 | 607.00 | 546.30 | 437.04 | 60.70 | Cigna Health |
| U1493255001 | 4080792 | 1 | 1/24/2012 | 99284 | 425.00 | 138.48 | 138.48 | 286.52 | Cigna Health |
| U3678653201 | 4080748 | 1 | 1/11/2012 | 99284 | 425.00 | 382.50 | 306.00 | 42.50 | Cigna Health |
| U1495212001 | 4131633 | 1 | 5/21/2012 | 99285 | 607.00 | 34.71 | 34.71 | - | Cigna Health |
| U4448846001 | 4139960 | 1 | 5/9/2012 | 99285 | 607.00 | 546.30 | 546.30 | 60.70 | Cigna Health |
| U0550807501 | 4148961 | 1 | 5/30/2012 | 99283 | 218.00 | 196.20 | 156.96 | 21.80 | Cigna Health |
| U48242290 | 4560965 | 1 | 12/21/2015 | 99284 | 617.00 | 555.30 | 499.77 | 61.70 | Cigna Health |

| ID | Number | Count | Date | Code | Amount 1 | Amount 2 | Amount 3 | Amount 4 | Payer |
|---|---|---|---|---|---|---|---|---|---|
| U48242290 | 4560965 | 1 | 12/21/2015 | 99284 | 617.00 | 555.30 | 55.53 | - | Cigna Health |
| U3571663004 | 4087379 | 1 | 2/14/2012 | 99285 | 623.00 | 560.70 | 560.70 | 62.30 | Cigna Health |
| U4467336103 | 4496684 | 1 | 5/21/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U2305966501 | 4805758 | 1 | 1/19/2016 | 99291 | 1,204.00 | 1,083.60 | 1,083.60 | 120.40 | Cigna Health |
| U1599937303 | 4621574 | 2 | 1/16/2015 | 73020 | 42.00 | 37.80 | 30.24 | 4.20 | Cigna Health |
| U1599937303 | 4621574 | 1 | 1/16/2015 | 99284 | 617.00 | 555.30 | 444.24 | 61.70 | Cigna Health |
| U4406995905 | 4357738 | 1 | 8/7/2013 | 99284 | 414.00 | 153.25 | 153.25 | 260.75 | Cigna Health |
| U4406995905 | 4357738 | 2 | 8/7/2013 | 12002 | 329.00 | 93.58 | 93.58 | 235.42 | Cigna Health |
| 7924641702 | 4745844 | 1 | 9/25/2015 | 99285 | 929.00 | 236.45 | 236.45 | 692.55 | Cigna Health |
| N32509108 | 4750994 | 2 | 10/14/2015 | 93010 | 46.00 | 41.40 | 28.98 | 4.60 | Cigna Health |
| N32509108 | 4750994 | 1 | 10/14/2015 | 99285 | 929.00 | 836.10 | 585.27 | 92.90 | Cigna Health |
| U3918494204 | 4435729 | 1 | 4/2/2014 | 99284 | 414.00 | 414.00 | 414.00 | - | Cigna Health |
| U3918494204 | 4435729 | 2 | 4/2/2014 | 74000 | 33.00 | 33.00 | 33.00 | - | Cigna Health |
| U3918494204 | 4419461 | 1 | 12/26/2013 | 99283 | 217.00 | 78.86 | 78.86 | 138.14 | Cigna Health |
| U3485405204 | 4432054 | 1 | 1/8/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4343290601 | 4450034 | 1 | 2/14/2014 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| 100543022 | 4296174 | 1 | 4/1/2013 | 99284 | 414.00 | 150.40 | 120.32 | 263.60 | Cigna Health |
| U4482702103 | 4301129 | 1 | 4/1/2013 | 99284 | 414.00 | 372.60 | 260.82 | 41.40 | Cigna Health |
| U4693718101 | 4333153 | 3 | 6/3/2013 | 29530 | 140.00 | 126.00 | 126.00 | 14.00 | Cigna Health |
| U4693718101 | 4333153 | 1 | 6/3/2013 | 99285 | 607.00 | 546.30 | 546.30 | 60.70 | Cigna Health |
| U4693718101 | 4333153 | 2 | 6/3/2013 | 73560 | 34.00 | 30.60 | 30.60 | 3.40 | Cigna Health |
| U4928100401 | 4352306 | 1 | 7/11/2013 | 99284 | 414.00 | 372.60 | 316.71 | 41.40 | Cigna Health |
| U4928100401 | 4352908 | 2 | 7/28/2013 | 64450 | 255.00 | 144.48 | 122.81 | 110.52 | Cigna Health |
| U4928100401 | 4352908 | 1 | 7/28/2013 | 99285 | 607.00 | 519.24 | 441.35 | 87.76 | Cigna Health |
| U4859650801 | 4361904 | 1 | 7/30/2013 | 99285 | 607.00 | 546.30 | 326.41 | 60.70 | Cigna Health |
| U3445835207 | 4163016 | 1 | 7/11/2012 | 99283 | 218.00 | 187.20 | 187.20 | 30.80 | Cigna Health |
| U3445835207 | 4163016 | 2 | 7/11/2012 | 13131 | 1,028.00 | 1,028.00 | 1,028.00 | - | Cigna Health |
| U5345527405 | 4652333 | 1 | 3/26/2015 | 99291 | 1,204.00 | 1,083.60 | 1,083.60 | 120.40 | Cigna Health |
| 101078489 | 4665076 | 1 | 4/14/2015 | 99291 | 1,204.00 | 1,083.60 | 1,083.60 | 120.40 | Cigna Health |
| U4037056701 | 4805085 | 1 | 1/19/2016 | 99291 | 1,204.00 | 1,083.60 | 1,083.60 | 120.40 | Cigna Health |
| U34854052 | 4817902 | 1 | 2/15/2016 | 99285 | 929.00 | 836.10 | 598.73 | 92.90 | Cigna Health |
| 101650524 | 4495183 | 1 | 5/10/2014 | 99283 | 217.00 | 195.30 | 195.30 | 21.70 | Cigna Health |
| U4950488501 | 4515638 | 1 | 6/25/2014 | 99283 | 217.00 | 195.30 | 195.30 | 21.70 | Cigna Health |
| | 4518166 | 1 | 7/3/2014 | 99285 | 606.00 | 545.40 | 545.40 | 60.60 | Cigna Health |

| ID | Claim | Count | Date | Code | Amt1 | Amt2 | Amt3 | Amt4 | Payer |
|---|---|---|---|---|---|---|---|---|---|
| U5155755101 | 4547651 | 1 | 8/15/2014 | 99284 | 591.00 | 531.90 | 531.90 | 59.10 | Cigna Health |
| U528482802 | 4550654 | 1 | 10/24/2014 | 99284 | 591.00 | 531.90 | 478.71 | 59.10 | Cigna Health |
| U5071459801 | 4553124 | 1 | 9/12/2014 | 99284 | 591.00 | 531.90 | 425.52 | 59.10 | Cigna Health |
| U5071459801 | 4553124 | 4 | 9/12/2014 | 12011 | 460.00 | 414.00 | 331.20 | 46.00 | Cigna Health |
| U5071459801 | 4553989 | 1 | 9/12/2014 | 99284 | 591.00 | 531.90 | 425.52 | 59.10 | Cigna Health |
| U0950169905 | 4606285 | 1 | 12/18/2014 | 99284 | 617.00 | 555.30 | 499.77 | 61.70 | Cigna Health |
| U3838752301 | 4479429 | 1 | 4/18/2014 | 99283 | 217.00 | 195.30 | 195.30 | 21.70 | Cigna Health |
| U475886702 | 4357652 | 1 | 8/7/2013 | 99283 | 218.00 | 185.94 | 148.75 | 32.06 | Cigna Health |
| U0995356401 | 4386228 | 1 | 9/12/2013 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U3753638101 | 4094840 | 2 | 2/22/2012 | 12020 | 704.00 | 629.16 | 566.24 | 74.84 | Cigna Health |
| U3753638101 | 4094840 | 1 | 2/22/2012 | 99283 | 226.00 | 201.98 | 181.78 | 24.02 | Cigna Health |
| U4206639406 | 4671742 | 1 | 5/1/2015 | 99283 | 331.00 | 297.90 | 238.32 | 33.10 | Cigna Health |
| U0365223401 | 4136971 | 1 | 5/2/2012 | 99283 | 218.00 | 148.24 | 148.24 | 69.76 | Cigna Health |
| U0365223401 | 4168693 | 1 | 7/26/2012 | 99291 | 793.00 | 566.00 | 557.72 | 227.00 | Cigna Health |
| U0365223401 | 4160128 | 1 | 7/2/2012 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U0365223401 | 4131569 | 1 | 4/24/2012 | 99283 | 218.00 | 196.20 | 156.96 | 21.80 | Cigna Health |
| U3875865401 | 4124788 | 1 | 4/14/2012 | 99291 | 793.00 | 566.00 | 566.00 | 227.00 | Cigna Health |
| U3875865401 | 4124788 | 1 | 12/28/2015 | 99291 | 793.00 | 793.00 | 793.00 | - | Cigna Health |
| U3875865401 | 4150468 | 1 | 11/14/2012 | 99291 | 793.00 | 566.00 | 566.00 | 227.00 | Cigna Health |
| U3875865401 | 4150468 | 2 | 6/12/2012 | 31500 | 394.00 | 394.00 | 394.00 | - | Cigna Health |
| U3875865401 | 4150457 | 1 | 11/14/2012 | 99291 | 793.00 | 566.00 | 566.00 | 227.00 | Cigna Health |
| U3875865401 | 4150457 | 2 | 6/12/2012 | 31500 | 394.00 | 394.00 | 394.00 | - | Cigna Health |
| U3875865401 | 4156771 | 1 | 12/28/2015 | 99232 | 257.00 | 257.00 | 257.00 | - | Cigna Health |
| U3875865401 | 4156771 | 1 | 6/12/2012 | 99232 | 257.00 | 130.00 | 130.00 | 127.00 | Cigna Health |
| U4306214801 | 4575444 | 1 | 10/23/2014 | 99284 | 617.00 | 555.30 | 555.30 | 61.70 | Cigna Health |
| U3087728401 | 4413640 | 1 | 11/25/2013 | 99284 | 414.00 | 354.60 | 354.60 | 59.40 | Cigna Health |
| U4483674901 | 4389089 | 1 | 1/13/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4497612504 | 4430024 | 1 | 1/8/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U4535966901 | 4451386 | 1 | 2/14/2014 | 99284 | 414.00 | 372.60 | 325.08 | 41.40 | Cigna Health |
| U0544674901 | 4213808 | 1 | 10/31/2012 | 99284 | 414.00 | 372.60 | 260.82 | 41.40 | Cigna Health |
| U2350212802 | 4213184 | 1 | 10/31/2012 | 99285 | 607.00 | 546.30 | 546.30 | 60.70 | Cigna Health |
| U4037067901 | 4237296 | 1 | 1/3/2013 | 99284 | 414.00 | 372.60 | 335.34 | 41.40 | Cigna Health |
| U4037067901 | 4432021 | 1 | 1/27/2014 | 99291 | 796.00 | 289.20 | 260.28 | 506.80 | Cigna Health |
| U4037067901 | 4432021 | 2 | 1/27/2014 | 71010 | 92.00 | 92.00 | 82.80 | - | Cigna Health |

| Claim ID | Ref | Qty | Date | Code | Billed | Allowed | Amount | Diff | Payer |
|---|---|---|---|---|---|---|---|---|---|
| U4672309601 | 4257148 | 1 | 1/29/2013 | 99283 | 218.00 | 196.20 | 196.20 | 21.80 | Cigna Health |
| U4228459802 | 4451395 | 1 | 2/14/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4228459802 | 4321935 | 1 | 5/17/2013 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4228459802 | 4286466 | 1 | 3/4/2013 | 99283 | 218.00 | 176.58 | 196.20 | 21.80 | Cigna Health |
| U4228459802 | 4358614 | 1 | 8/7/2013 | 99284 | 414.00 | 354.60 | 354.60 | 59.40 | Cigna Health |
| U4228459802 | 4451379 | 1 | 2/14/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U2385484501 | 4682534 | 1 | 6/11/2015 | 99285 | 929.00 | 836.10 | 836.10 | 92.90 | Cigna Health |
| W9201429401 | 4243482 | 1 | 1/16/2013 | 99284 | 414.00 | 37.15 | 414.00 | - | Cigna Health |
| 100542656 | 4282587 | 1 | 3/13/2013 | 99284 | 414.00 | 298.08 | 372.60 | 41.40 | Cigna Health |
| 573313975 | 4351256 | 1 | 7/30/2013 | 99284 | 414.00 | 331.20 | 414.00 | - | Cigna Health |
| U3445835205 | 4401795 | 1 | 10/24/2013 | 99285 | 607.00 | 519.24 | 519.24 | 87.76 | Cigna Health |
| U3571715501 | 4677340 | 1 | 5/11/2015 | 99284 | 628.00 | 278.15 | 565.20 | 62.80 | Cigna Health |
| U4482398802 | 4192223 | 1 | 1/12/2016 | 99284 | 414.00 | 260.82 | 372.60 | 41.40 | Cigna Health |
| U4482398802 | 4192223 | 1 | 9/4/2012 | 99284 | 414.00 | 260.82 | 372.60 | 41.40 | Cigna Health |
| U0496575905 | 4152451 | 1 | 6/12/2012 | 99285 | 607.00 | 491.67 | 546.30 | 60.70 | Cigna Health |
| U3402363701 | 4495218 | 1 | 5/10/2014 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U3485405201 | 4425941 | 1 | 12/18/2013 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U3485405201 | 4444657 | 1 | 1/29/2014 | 99283 | 217.00 | 195.30 | 195.30 | 21.70 | Cigna Health |
| U3485405201 | 4550631 | 1 | 9/12/2014 | 99283 | 310.00 | 279.00 | 279.00 | 31.00 | Cigna Health |
| U3485405201 | 4751972 | 1 | 10/15/2015 | 99285 | 929.00 | 836.10 | 836.10 | 92.90 | Cigna Health |
| U3048391701 | 4092269 | 1 | 2/8/2012 | 99284 | 425.00 | 382.50 | 382.50 | 42.50 | Cigna Health |
| U3875445801 | 4115198 | 1 | 4/3/2012 | 99284 | 425.00 | 382.50 | 382.50 | 42.50 | Cigna Health |
| U2273010103 | 4125313 | 1 | 4/3/2012 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4228459802 | 4379241 | 1 | 9/12/2013 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U4699787701 | 4321931 | 1 | 5/17/2013 | 99284 | 414.00 | 298.08 | 372.60 | 41.40 | Cigna Health |
| U5632994601 | 4722776 | 1 | 8/21/2015 | 99284 | 628.00 | 565.20 | 565.20 | 62.80 | Cigna Health |
| U5632994601 | 4722776 | 2 | 8/21/2015 | 12002 | 470.00 | 423.00 | 423.00 | 47.00 | Cigna Health |
| U0872329403 | 4752376 | 1 | 10/15/2015 | 99283 | 331.00 | 297.90 | 297.90 | 33.10 | Cigna Health |
| U0872329403 | 4752376 | 2 | 10/15/2015 | 12011 | 460.00 | 414.00 | 414.00 | 46.00 | Cigna Health |
| U4037041401 | 4754283 | 2 | 10/15/2015 | 99284 | 628.00 | 508.68 | 565.20 | 62.80 | Cigna Health |
| U1021258001 | 4486028 | 1 | 4/23/2014 | 99284 | 414.00 | 298.08 | 372.60 | 41.40 | Cigna Health |
| U1021258001 | 4486028 | 1 | 4/23/2014 | 99284 | 414.00 | 74.52 | 372.60 | 339.48 | Cigna Health |
| U1021258001 | 4486028 | 1 | 4/23/2014 | 99284 | 414.00 | 298.08 | 372.60 | 41.40 | Cigna Health |
| 101797409 | 4547680 | 3 | 9/11/2014 | 29515 | 357.00 | 156.57 | 321.30 | 35.70 | Cigna Health |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 101797409 | 4547680 | 3 | 9/11/2014 | 29515 | 357.00 | 164.73 | 164.73 | 192.27 | Cigna Health |
| 101797409 | 4547680 | 1 | 9/11/2014 | 99283 | 310.00 | 194.46 | 194.46 | 115.54 | Cigna Health |
| 101797409 | 4547680 | 1 | 9/11/2014 | 99283 | 310.00 | 279.00 | 84.54 | 31.00 | Cigna Health |
| U3572030002 | 4582848 | 1 | 11/7/2014 | 99285 | 907.00 | 816.30 | 816.30 | 90.70 | Cigna Health |
| U3663655301 | 4093994 | 1 | 2/14/2012 | 99283 | 226.00 | 203.40 | 162.72 | 22.60 | Cigna Health |
| U3663655301 | 4094262 | 1 | 2/8/2012 | 99283 | 226.00 | 203.40 | 162.72 | 22.60 | Cigna Health |
| U2200170301 | 4817732 | 1 | 2/15/2016 | 99283 | 331.00 | 297.90 | 297.90 | 33.10 | Cigna Health |
| U2200170301 | 4817732 | 2 | 2/15/2016 | 12002 | 470.00 | 423.00 | 423.00 | 47.00 | Cigna Health |
| U2200170301 | 4416965 | 1 | 11/27/2013 | 99284 | 414.00 | 153.25 | 122.60 | 260.75 | Cigna Health |
| U37866816 | 4457434 | 1 | 3/3/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U37866816 | 4499089 | 1 | 5/23/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U37866816 | 4510664 | 1 | 6/25/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U37866816 | 4441713 | 1 | 1/27/2014 | 99285 | 606.00 | 545.40 | 436.32 | 60.60 | Cigna Health |
| U37866816 | 4461365 | 1 | 3/19/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U37866816 | 4518147 | 1 | 7/9/2014 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U37866816 | 4428380 | 1 | 1/3/2014 | 99291 | 636.00 | 295.58 | 236.46 | 340.42 | Cigna Health |
| U37866816 | 4540872 | 1 | 8/20/2014 | 99284 | 591.00 | 531.90 | 425.52 | 59.10 | Cigna Health |
| U37866816 | 4417689 | 1 | 11/27/2013 | 99284 | 414.00 | 153.25 | 122.60 | 260.75 | Cigna Health |
| U3786681603 | 4626542 | 1 | 1/30/2015 | 99285 | 907.00 | 816.30 | 653.04 | 90.70 | Cigna Health |
| U37866816 | 4615689 | 1 | 1/7/2015 | 99284 | 617.00 | 555.30 | 444.24 | 61.70 | Cigna Health |
| U37866816 | 4439454 | 1 | 1/29/2014 | 99283 | 217.00 | 80.36 | 64.29 | 136.64 | Cigna Health |
| U37866816 | 4480884 | 1 | 4/19/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U37866816 | 4541216 | 1 | 8/20/2014 | 99284 | 591.00 | 531.90 | 425.52 | 59.10 | Cigna Health |
| U37866816 | 4439365 | 1 | 1/27/2014 | 99283 | 217.00 | 195.30 | 156.24 | 21.70 | Cigna Health |
| U37866816 | 4510074 | 1 | 7/9/2014 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U4819119701 | 4441234 | 1 | 1/27/2014 | 99284 | 414.00 | 372.60 | 188.03 | 41.40 | Cigna Health |
| U0091632901 | 4150795 | 1 | 6/4/2012 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| U3867547502 | 4165663 | 1 | 7/26/2012 | 99284 | 414.00 | 414.00 | 414.00 | - | Cigna Health |
| U4659260601 | 4188948 | 2 | 9/24/2012 | 71010 | 33.00 | 11.65 | 11.65 | 21.35 | Cigna Health |
| U4659260601 | 4188948 | 3 | 9/24/2012 | 72040 | 42.00 | 14.94 | 14.94 | 27.06 | Cigna Health |
| U4659260601 | 4188948 | 1 | 9/24/2012 | 99284 | 414.00 | 147.83 | 147.83 | 266.17 | Cigna Health |
| U43991085 | 4079132 | 1 | 1/11/2012 | 99284 | 425.00 | 382.50 | 267.75 | 42.50 | Cigna Health |
| U3445835202 | 4086894 | 1 | 2/6/2012 | 99283 | 226.00 | 203.40 | 203.40 | 22.60 | Cigna Health |
| U3445835202 | 4355700 | 1 | 7/29/2013 | 99284 | 414.00 | 354.60 | 354.60 | 59.40 | Cigna Health |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| U4460011301 | 4254408 | 1 | 1/3/2013 | 99284 | 414.00 | 372.60 | 298.08 | 41.40 | Cigna Health |
| U4482730401 | 4310958 | 1 | 4/17/2013 | 99284 | 414.00 | 372.60 | 260.82 | 41.40 | Cigna Health |
| U4482730401 | 4314959 | 1 | 4/29/2013 | 99285 | 607.00 | 546.30 | 382.41 | 60.70 | Cigna Health |
| N32580949 | 4425527 | 1 | 12/18/2013 | 99284 | 414.00 | 372.60 | 372.60 | 41.40 | Cigna Health |
| N32580949 | 4425527 | 2 | 12/18/2013 | 71010 | 33.00 | 29.70 | 29.70 | 3.30 | Cigna Health |
| N3250953901 | 4163267 | 2 | 7/2/2012 | 71010 | 33.00 | 9.32 | 6.52 | 23.68 | Cigna Health |
| N3250953901 | 4163267 | 3 | 7/2/2012 | 93010 | 31.00 | 8.96 | 6.27 | 22.04 | Cigna Health |
| N3250953901 | 4163267 | 1 | 7/2/2012 | 99284 | 414.00 | 118.26 | 82.78 | 295.74 | Cigna Health |
| N3249958201 | 4282705 | 2 | 3/4/2013 | 71010 | 33.00 | 29.70 | 20.79 | 3.30 | Cigna Insurance |
| N3249958201 | 4282705 | 3 | 3/4/2013 | 93010 | 55.00 | 43.00 | 30.10 | 12.00 | Cigna Insurance |
| N3249958201 | 4282705 | 1 | 3/4/2013 | 99285 | 607.00 | 552.80 | 386.96 | 54.20 | Cigna Insurance |
| R8279937501 | 4361167 | 1 | 7/29/2013 | 99284 | 414.00 | 414.00 | 157.00 | - | Cigna Insurance |
| 101352306 | 4621640 | 1 | 1/22/2015 | 99285 | 907.00 | 816.30 | 816.30 | 90.70 | Cigna Insurance |
| 101637317 | 4546039 | 1 | 9/12/2014 | 99291 | 1,136.00 | 1,022.40 | 1,022.40 | 113.60 | Cigna/great West Insuranc |
| 101601338 | 4262685 | 1 | 1/29/2013 | 99283 | 218.00 | 196.20 | 28.99 | 21.80 | Cigna/great West Insuranc |
| 101569197 | 4413177 | 1 | 10/30/2013 | 99283 | 218.00 | 196.20 | 196.20 | 21.80 | Cigna/great West Insuranc |
| 101178596 | 4436122 | 1 | 7/1/2014 | 99285 | 606.00 | 545.40 | 545.40 | 60.60 | Cigna/great West Insuranc |
| 101565427 | 4784235 | 1 | 12/11/2015 | 99284 | 628.00 | 565.20 | 565.20 | 62.80 | Cigna/great West Insuranc |
| TUW61770A960 | 4518169 | 1 | 7/30/2014 | 99283 | 217.00 | 217.00 | 217.00 | - | Cigna/great West Insuranc |
| 101856395 | 4543521 | 1 | 8/14/2014 | 99284 | 591.00 | 531.90 | 372.33 | 59.10 | Cigna/great West Insuranc |

## PROOF OF SERVICE

At the time of service, I was over eighteen years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 15525 Pomerado Road, Suite E-6, Poway, CA 92064.

On **April 25, 2016**, I served true and correct copies of the following document(s) by the method indicated below on the party included on the attached service list:

**Stipulation Regarding Leave to File Amended Complaint; Second Amended Complaint including correct defendants; Proposed Order.**

| | | |
|---|---|---|
| | **FAX:** by transmitting via facsimile on this date from fax number (858) 451-2006 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 P.M. and was reported complete without error. The transmitting fax machine complies with Cal.R.Ct 2003(3). | |
| X | **MAIL:** by placing the document(s) listed above in a sealed envelope or package with postage thereon fully prepaid, in the United States mail at the Poway, California address as set forth above. I am readily familiar with the office's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. | |
| | **PROCESS SERVER:** by placing the document(s) listed above in a sealed envelope or package and by causing personal delivery of the envelope or package to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly. | |
| | **PERSONAL SERVICE:** by personally delivering the document(s) listed above to the person(s) whose address is set forth below. | |
| | **NEXT DAY DELIVERY:** by placing the document(s) listed above in a sealed envelope or package and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. **(VIA UPS)** | |
| | **EMAIL:** by transmitting via email to the parties at the email addressed listed below. | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **April 25, 2016**, at San Diego, California.

_____/s/_____

HANI FARAH

## SERVICE LIST

Dana L. Stenvick
Cole Predroza LLP
2670 Mission Street, Suite 200
San Marino, CA 91108

.          Attorney for Defendant,
         Cigna Health and Life Insurance Company