JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-02299 RGK (JEMx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | *Namdy Consulting, Inc., v. Cigna Health and Life Ins. Co.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Sua Sponte Remand**

## I.  INTRODUCTION

On February 17, 2016 Namdy Consulting, Inc. ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Cigna Health and Life Insurance Company ("Defendants"), alleging (1) Recovery of Payment for Services Rendered; (2) Recovery on Open Book Account; (3) Quantum Meruit; (4) Breach of Implied Contract; (5) Declaratory Relief; (6) Negligence Per Se; and (7) Interference with Prospective Economic Advantage.

On April 4, 2016, Defendants filed a Notice of Removal to federal court on the basis of federal question jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby **REMANDS** this action for lack of subject matter jurisdiction.

## II.  FACTUAL BACKGROUND

The following facts are alleged in the Complaint:

Plaintiff is in the business of purchasing and collecting accounts receivable on behalf of various other companies, including health care providers. J.S.E. Emergency Medical Group, Inc. ("Physicians") provided medical care to patients, all of whom were insured by Defendant, and became entitled to reimbursement from Defendant for those services provided. Physicians assigned their right to collect payment from Defendant to Plaintiff.

While receiving medical care from the Physicians, the patients provided the Physicians with a valid insurance policy or certificate issued by Defendant. These claims arise out of the failure of Defendant to make payments due and owing to Physicians for medical services provided to patients insured by Defendant. Plaintiff does not seek to enforce the contractual rights of patients through the patients' insurance contracts, but rather the claims are based on the relationship and interactions between Plaintiff and Defendant.

### III. JUDICIAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. § 1441, et seq. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.,* 581 F.3d 941, 944 (9th Cir. 2009).

### IV. DISCUSSION

In the Ninth Circuit, ERISA does not preempt state law claims brought by a third-party "not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages, because such claims do not 'relate' to ERISA preemption." *Cedars-Sinai Med. Ctr., v. Nat'l League of Postmasters*, 497 F.3d 972, 978 (9th Cir. 2007)(citing *The Meadows v. Employers Health Ins.* 47 F.3d 1006, 1008 (9th Cir. 1995)). The mere fact of assignment of ERISA rights to a third party does not convert state law claims arising out of separate agreements for the provision of goods and services into claims to recover benefits under ERISA. *Marin Gen. Hosp.,* 581 F.3d at 949 (*See Also Blue Cross v. Anesthesia Care Associates Med Group, Inc.,* 187 F.3d 1045, 1052 (9th Cir. 1999)). A plaintiff's assertion that it will not rely on any aspect of federal law to support its state law claims is sufficient to defeat federal jurisdiction. *Cedars-Sinai Med. Ctr. v. American Apparel, Inc.*, 2014 U.S. Dist. LEXIS 94857 (C.D. Cal. July 11, 2014) (citing *Tech Licensing Corp., v. Intersil Corp.,* 2009 U.S. Dist. LEXIS 129941 (N.D. Cal. Dec. 18, 2009).

In this case, Plaintiff's complaint arises out of Defendant's failure to reimburse Plaintiff for the medical care provided by Physicians to patients insured by Defendant. These claims are based solely upon the relationship and interaction between Plaintiff and Defendant. Plaintiff asserts that in no way does it seek to enforce the contractual rights of the patients through the patients' insurance policies. In other words, Plaintiff is making only state law claims against Defendant for breach of implied contract, recovery of payment for services rendered, and negligence. Although the Physicians were assigned the rights of the patients' insurance benefits under ERISA, Plaintiff is not making a claim to recover those benefits. Rather, Plaintiff is claiming damages based on state law claims. The mere fact that some of the patients had assigned their ERISA benefits to Physicians does not automatically convert Plaintiff's state law claims into a federal question.

### V. CONCLUSION

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer